UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY KING, | No. C-13-2079 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | **(Docket No. 16)** |
| _____/ | |

Plaintiff filed the instant action on May 7, 2013, challenging the termination of his Social Security benefits. Docket No. 1. Defendant has now filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff's suit is premature because he has not yet exhausted his administrative remedies. Docket No. 16. His time to respond having passed, Plaintiff has filed no opposition to the motion. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for September 5, 2013.

The Court previously considered this exact issue in *King v. Colvin (King I)*, 13-cv-1897-EMC, Docket No. 32. In that case, filed April 25, 2013, Plaintiff raised substantially identical objections to a the Social Security Administration's ("SSA") termination of his benefits. Though Plaintiff's pro se filings are in places unintelligible, both suits appear to be challenging the same action taken by SSA to terminate his benefits.

As Defendant pointed out in *King I*, however, Plaintiff may not initiate suit challenging SSA's termination of his benefits at this time because he has not yet exhausted his administrative

remedies. The Social Security Act provides that an individual may seek review of a denial of benefits after a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days"). The Act does not permit courts to review actions taken by the Commissioner prior to the issuance of a final decision. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The Social Security Act grants to district courts jurisdiction to review only "final decisions" of the Commissioner.").

The regulations implementing the Social Security Act provide for a four step administrative review process. 20 C.F.R. § 416.1400(a). These steps are (1) an initial determination about eligibility; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review by the Social Security Appeals Council. *Id.* It is only after completing all of these steps that the Commissioner's decision is "final" and the individual may seek judicial review of that decision. *Id.* Thus, Plaintiff cannot bring suit in this Court until he has had a hearing before an administrative law judge, and then a review by the Social Security Appeals Counsel.

As this Court previously recognized in *King I*, Plaintiff has requested a hearing before an administrative law judge challenging the termination of his benefits. *King I*, 13-cv-1897-EMC, Docket No. 32 at 2. This hearing is currently set for August 29, 2013. *Id.* Plaintiff has therefore not yet exhausted his administrative remedies, and may not request review of the SSA's determination by this Court at this time. Defendant's motion to dismiss is therefore **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. This dismissal is without prejudice to Plaintiff's right to seek judicial review of a final decision of the Commissioner once he has exhausted his administrative remedies.

///

///

///

remedies. The Social Security Act provides that an individual may seek review of a denial of benefits after a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days"). The Act does not permit courts to review actions taken by the Commissioner prior to the issuance of a final decision. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The Social Security Act grants to district courts jurisdiction to review only "final decisions" of the Commissioner.").

The regulations implementing the Social Security Act provide for a four step administrative review process. 20 C.F.R. § 416.1400(a). These steps are (1) an initial determination about eligibility; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review by the Social Security Appeals Council. *Id.* It is only after completing all of these steps that the Commissioner's decision is "final" and the individual may seek judicial review of that decision. *Id.* Thus, Plaintiff cannot bring suit in this Court until he has had a hearing before an administrative law judge, and then a review by the Social Security Appeals Counsel.

As this Court previously recognized in *King I*, Plaintiff has requested a hearing before an administrative law judge challenging the termination of his benefits. *King I*, 13-cv-1897-EMC, Docket No. 32 at 2. This hearing is currently set for August 29, 2013. *Id.* Plaintiff has therefore not yet exhausted his administrative remedies, and may not request review of the SSA's determination by this Court at this time. Defendant's motion to dismiss is therefore **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. This dismissal is without prejudice to Plaintiff's right to seek judicial review of a final decision of the Commissioner once he has exhausted his administrative remedies.

///

///

///

United States District Court
For the Northern District of California

     This order disposes of Docket No. 16. The Clerk of the Court is directed to enter judgment in accordance with this order and close the file in this case.

     IT IS SO ORDERED.

Dated: August 20, 2013

_____
EDWARD M. CHEN
United States District Judge